UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIKE BOKO KANUBONA,<br><br>              Petitioner,<br><br>  v.<br><br>DREW BOSTOCK,<br><br>              Respondent. | CASE NO. 2:24-cv-00052-LK-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **May 3, 2024** |

      Petitioner Mike Boko Kanubona initiated this 28 U.S.C. § 2241 immigration habeas action *pro se* and *In Forma Pauperis* to obtain his immediate release from immigration detention. Dkt. 8. On March 14, 2024, Respondent moved to dismiss the Petition arguing Petitioner is not subject to the sort of indefinite detention found to be unconstitutional in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. 11. On April 10, 2024, Petitioner mailed his response in opposition to the Motion. Dkt. 18. However, two days later, Petitioner was notified of his pending release from immigration detention. Dkt. 17-1. That same day, Respondent informed the Court of Petitioner's pending release from custody on supervision and argued the Petition should be dismissed as moot once he is officially released. Dkt. 17. On April 16, 2024, Respondent filed a Notice of Change in Custody Status confirming Petitioner was officially released from immigration detention on April 12, 2024. Dkts. 19, 19-1.

REPORT AND RECOMMENDATION - 1

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, Petitioner sought only his immediate release from immigration detention. Dkt. 8 at 7. As such, his supervised release from custody fully resolved his claims with no collateral consequences remaining to be redressed by the Court. *See* Dkts. 19, 19-1.

Because this action no longer involves a live controversy for adjudication, the undersigned recommends the Motion to Dismiss (Dkt. 11) be **GRANTED** and this action be **DISMISSED without prejudice** as moot. Additionally, because no reasonable jurist would debate the outcome recommended here, no certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 3, 2024**, as noted in the caption.

Dated this 17th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge